UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUZANNE DEGNEN, D.M.D., P.C. )<br>D/B/A SUNSET TOWER FAMILY )<br>DENTISTRY, )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>KOMET USA, LLC, et al., )<br> )<br>Defendants. ) | Case No. 4:15-cv-1631-JAR |

## MEMORANDUM AND ORDER

This matter is before the Court upon Defendant's Motion to Stay Proceedings (Doc. No. 23). For the reasons stated herein, Defendant's motion will be denied.

This putative class action asserts claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Defendant asks this Court to stay proceedings, arguing that two cases pending (or formerly pending) before the United States Supreme Court may be dispositive of Plaintiff's claims: Gomez v. Campbell-Ewald Co., 768 F.3d 871 (9th Cir. 2014), and Robins v. Spokeo, Inc., 742 F.3d 409. At the outset, the Court notes that the United States Supreme Court recently decided Campbell-Ewald, holding that "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case." Campbell-Ewald Co. v. Gomez, No. 14-857, 2016 WL 228345, at *8 (U.S. Jan. 20, 2016). Thus, the Court will deny Defendant's motion to the extent it relies on that case and will proceed to consider whether to stay proceedings based on the pending Spokeo case. Spokeo involves the Fair Credit Reporting Act, and addresses whether alleged violations of statutory rights are sufficient to satisfy the injury-in-fact requirement of Article III. Spokeo, 742 F.3d at 413-14.

1

In considering a motion for stay, a district court should consider both the interest of judicial economy and the potential prejudice or hardship to the parties. Toppins v. 3M Co., No. 4:05CV01356 ERW, 2006 WL 12993, at *1 (E.D. Mo. Jan. 3, 2006) (citing Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)). "Traditionally, an applicant for a stay has the burden of showing specific hardship or inequity if he or she is required to go forward." Jones v. Clinton, 72 F.3d 1354, 1364 (8th Cir. 1996).

Defendant argues that Plaintiff cannot show any actual harm and rests on statutory damages alone, and therefore, an adverse decision in Spokeo would eliminate Plaintiff's standing to bring suit. In response to Defendant's motion, Plaintiff argues that the TCPA's conferral of a statutory private cause of action is sufficient to meet an injury-in-fact requirement. Doc. No. 24 at 5. Further, Plaintiff argues that she has alleged an actual injury-in-fact: namely, the "unwanted use and destruction of [Plaintiff's] property, including toner or ink and paper, and . . . undesired wear on hardware." Id. at 6. Plaintiff also argues that her allegations relating to privacy interests constitute sufficient allegations of injury-in-fact. Id. at 5.

Recent Eighth Circuit case law (indeed, case law decided after the Supreme Court granted certiorari in Spokeo) supports Plaintiff's argument, and specifically addresses injury-in-fact under the TCPA. See Golan v. Veritas Entm't, LLC, 788 F.3d 814, 819 (8th Cir. 2015) (citing Hammer v. Sam's East, Inc., 754 F.3d 492, 498 (8th Cir. 2014)) ("Injury in fact may thus be shown solely by the invasion of a legal right that Congress created.") (internal quotation marks omitted). Thus, pursuant to Eighth Circuit precedent, Plaintiff's allegation that Defendant violated statutory rights under the TCPA is sufficient to confer standing, and the case should be allowed to proceed. See also Woods v. Caremark PHC, L.L.C., No. 4:15-CV-00535-SRB, 2015 WL 6742124, at *3 (W.D. Mo. Nov. 2, 2015) (exercising discretion to deny motion to stay and

finding that even where Spokeo could impact the case at bar, the court "is compelled to follow current precedent in light of . . . this Circuit's clear directive [in Golan]").

Moreover, Plaintiff has also alleged that Defendant caused "unwanted use and destruction" of Plaintiff's property. Doc. No. 24 at 6. Plaintiff alleges that Defendant's actions hindered Plaintiff's exclusive use of her property, and interfered with Plaintiff's privacy interests. Id. at 7. Thus, even supposing a decision in Spokeo adverse to Plaintiff's position, Plaintiff's additional allegations regarding harm to property and privacy could have merit, and would likely constitute sufficiently pled injuries-in-fact so as to confer standing. See Johnson v. Navient Sols., Inc., No. 115CV00716LJMMJD, 2015 WL 8784150, at *2 (S.D. Ind. Dec. 15, 2015) ("Based on the allegations in the Complaint and the TCPA's protection of [the plaintiff's] privacy rights, the Court concludes that [Plaintiff] has stated a claim for actual harm, upon which he may rely to provide standing.").

The Court finds that based on the allegations in Plaintiff's Complaint and the Eighth Circuit's current precedent, Plaintiff has stated a claim for actual injury that is sufficient to confer standing. Golan, 788 F.3d at 814. The Court's ruling is in accord with other district courts that have addressed the necessity of a proposed stay pending the Supreme Court's decision in Spokeo in the context of TCPA cases. See, e.g., Johnson, 2015 WL 8784150. Given that the Spokeo decision is unlikely to affect Plaintiff's entitlement to relief for harm caused by Defendant's alleged violations of the TCPA, delay would unduly prejudice Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Stay Proceedings (Doc. No. 23) is **DENIED**.

**IT IS FURTHER ORDERED** that the Rule 16 Scheduling Conference previously set for January 13, 2016, shall instead take place on **February 24, 2016, at 10:00 a.m.** in the

chambers of the undersigned. The parties shall submit a revised Joint Scheduling Plan, detailed in Section 3 of the Court's original Order Setting Rule 16 Conference (Doc. No. 21), no later than **February 17, 2016**. All other instructions and guidelines set forth in the Court's original Order Setting Rule 16 Conference (Doc. No. 21) shall remain in place.

                                                                                                         _____
                                                                                                         **JOHN A. ROSS**
                                                                                                         **UNITED STATES DISTRICT JUDGE**

Dated this 28th day of January, 2016.